UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATRON CHAVIS,

                              **Plaintiff,**

  vs.                                                          8:24-CV-889
                                                                        (MAD/MJK)

SYRACUSE POLICE DEPARTMENT,
FRED LAMBERTON, MACKENZIE GLYNN,
ABRAHAM, and DEJOSEPH,

                              **Defendants.**
_____

**APPEARANCES:**

**KATRON CHAVIS**                                      **OF COUNSEL:**
24-B-2054
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

       On July 18, 2024, Plaintiff Katron Chavis commenced this action, *pro se*, against Defendants Syracuse Police Department, Detective Fred Lamberton, Officer Mackenzie Glynn, Detective Abraham, and Detective DeJoseph. *See* Dkt. No. 1. Plaintiff alleges that Defendants violated his constitutional rights, pursuant to 42 U.S.C. § 1983, by choking and beating him during an arrest. *See id.* Plaintiff claims that he suffered a seizure, which left him with emotional damage, widespread nerve damage, chronic headaches, and injuries to his shoulder, right hand, neck, and back. *See* id. at 4-5. Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 6.

On September 6, 2024, Magistrate Judge Mitchell J. Katz issued an Order and Report-Recommendation granting Plaintiff's IFP application and recommending that his complaint be dismissed with leave to amend. *See* Dkt. No. 9. Specifically, Magistrate Judge Katz found that the Syracuse Police Department is not a proper defendant, Plaintiff failed to specify which Defendant(s) engaged in what conduct, and intentional infliction of emotional distress is not a recognized claim under § 1983. *See* Dkt. No 9 at 4, 6, 7.

On September 23, 2024, Plaintiff filed objections to the Order and Report-Recommendation. *See* Dkt. No. 11. Therein, Plaintiff clarifies that Defendant Glynn "was the officer punching [him]," and that the conduct of all four individual Defendants led to his injuries. *Id.* at 1. Plaintiff also offers to provide his medical records and a video of the alleged assault to the Court. *See* id. at 2.

When a party files specific objections to a magistrate judge's recommendations, the district court "makes a de novo determination" on the contested portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). When objections are "[g]eneral[,] . . . conclusory[,] . . . or . . . which merely recite the same arguments presented to the magistrate judge," the district court reviews the contested portions for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal courts must assess *pro se* litigants' pleadings under a more lenient standard. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* litigants' filings should be "'liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

2

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

Having reviewed Magistrate Judge Katz's Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court adopts in part and rejects in part Magistrate Judge Katz's recommendations.

First, Magistrate Judge Katz correctly recommended dismissal of Plaintiff's claim against the Syracuse Police Department because the Department is not a proper defendant.  It is well settled that municipalities can be held civilly liable under § 1983.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, "a municipal police department does not have the capacity to be sued as an entity separate from the municipality in which it is located."  *White v. Syracuse Police Dep't*, 5:18-CV-1471, 2019 WL 981850, *3 (N.D.N.Y. Jan. 7, 2019) (citing *Krug v. Cnty. of Rensselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *Turczyn ex rel. McGregor v. City of Utica*, 6:13-CV-1357, 2014 WL 6685476, *2 (N.D.N.Y. Nov. 26, 2014); *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999)).  Therefore, the Court agrees with Magistrate Judge Katz that the allegations against the Syracuse Police Department should be dismissed, and the Court adopts this portion of the Order and Report and Recommendation.

Second, Magistrate Judge Katz determined that Plaintiff's complaint fails to meet the pleading standards set forth in the Federal Rules of Civil Procedure 8 because Plaintiff's complaint "fails to delineate which [D]efendant engaged in which specific conduct."  Dkt. No. 9 at 6; *see also* FED. R. CIV. P. 8(a).  The Court respectfully disagrees with Magistrate Judge Katz's conclusion on this issue.

Federal pleading standards "require[], at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Atuahene v. City*

3

*of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001). Generally, a plaintiff fails to satisfy that standard if they "lump[] all the defendants together . . . and provid[e] no factual basis to distinguish their conduct . . . ." *Id.* However, under certain circumstances context, this rule has been relaxed. *See O'Brien v. City of Syracuse*, No. 5:22-CV-948, 2023 WL 6066036, *7 (N.D.N.Y. Sept. 18, 2023). "'For example, in situation involving alleged assault by a group of police officers or corrections officers, courts do not insist that the complaint set forth in detail the actions of each officer where it would be unreasonable to expect the plaintiff to be able to do so.'" *Id.* (quoting *Bryant v. Monroe Cnty.*, No. 19-CV-6474, 2022 WL 119184, *10 (W.D.N.Y. Jan. 12, 2022)); *see also Messina v. Mazzeo*, 854 F. Supp. 116, 126 (E.D.N.Y. 1994) ("It would be asking too much for an arrestee to remember and plead the role each of several police officers played in an alleged instance of police brutality").

In *O'Brien*, this Court denied the police officer defendants' motion to dismiss when the defendants argued that the plaintiff alleged unconstitutional acts under "the group pleading doctrine" and did not "distinguish among them or attribute any specific actionable conduct to any specific [d]efendant." *O'Brien*, 2023 WL 6066036, at *7. The Court concluded that the "[p]laintiff has sufficiently alleged the acts of each named [d]efendant, such that they have fair notice of the claim presented against them." *Id.* (citing, *inter alia*, *New York Am. Water Co., Inc. v. Dow Chemical Co.*, No. 19-CV-2150, 2020 WL 9427226, *4 (E.D.N.Y. Dec. 11, 2020) (noting that the pleading did group the defendants together, but allowing it to proceed because "plaintiffs make clear that identical claims are [being] asserted against each defendant")). Specifically, as to the plaintiff's Fourth Amendment excessive force claim, she alleged that "four of the defendant officers, Lieutenant David Hart, Sergeant Matthew Liadka, Officer Kenneth Sheehan, and Officer Nicolas Saralegui-Martin, then shot [the plaintiff] multiple times." *Id.* at *4 (quotation and

quotation marks omitted). The plaintiff did not allege which defendant fired their weapons, at what specific moment, and where she was hit. Nevertheless, the Court permitted the plaintiff's excessive force claims to proceed past the motion to dismiss stage. *See id.* at *26 n.13. Likewise, District Judge David N. Hurd has permitted Eighth Amendment excessive force claims to proceed past initial review where the plaintiff alleged that "defendants Corrections Officer John Doe #1, Corrections Officer John Doe #2, Corrections Officer John Doe #3, Corrections Officer John Doe #4, and Corrections Officer John Doe #5 'assaulted [plaintiff] by punching [him] [and] kicking [him] in [his] face while [he] was on medical watch' inside 'the medical building' of Mid-State Correctional Facility." *Oudekerk v. Doe*, No. 9:24-CV-113 (N.D.N.Y.), Dkt. No. 7 at 5 (alterations in original) (quotation omitted); *see also Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 270 (N.D.N.Y. 2018) (permitting excessive force claims to proceed past initial review where the plaintiff "claims that Doe # 5 subjected him to excessive force on June 17 when he 'slammed' plaintiff's face into a metal gate and repeatedly threatened him. . . . Plaintiff has identified the time, location, amount of force used, the injuries sustained, and individual involved in the alleged assault"). By contrast, Judge Hurd has granted a motion to dismiss where the plaintiff alleged that five named defendants and John or Jane Doe 1-10 falsely arrested the plaintiff. *See Wilson v. Cnty. of Ulster*, No. 1:20-CV-00104, 2022 WL 813958, *8 (N.D.N.Y. Mar. 17, 2022). Judge Hurd noted that "[w]hile [the p]laintiff indicates in another part of the [complaint] that 'Defendant Faulkner was plaintiff's arresting officer,' . . . that allegation does not clarify the roles the other fourteen individual defendants played in [the p]laintiff's arrest." *Id.* Judge Hurd therefore dismissed the false arrest claim against the fourteen defendants. *See id.*

Here, Plaintiff identifies the four Defendants as Syracuse Police Officers and/or Detectives Lamberton Fred, Mackenzie Glynn, Abraham, and DeJoseph. *See* Dkt. No. 1 at 2-3.

5

Plaintiff alleges that on September 14, 2023, "at the state market," two of the officers grabbed him and started to hit him, one holding him in a choke hold, when the other two officers "join[ed] them" and punched Plaintiff. *Id.* at 4. Plaintiff has alleged the who, what, when, and where underlying his complaint such that the named Defendants are apprised of the Fourth Amendment excessive force claim against them. Allowing the required special solicitude for Plaintiff's *pro se* status, the Court concludes that Plaintiff's allegations are sufficient at this early stage to state an excessive force claim. *See Powell v. City of Jamestown*, No. 1:21-CV-721, 2022 WL 1913581, *5 (W.D.N.Y. June 3, 2022); *Moore v. City of New York*, No. 22-CV-10957, 2024 WL 3361193, at *5 (S.D.N.Y. July 10, 2024). For this reason, the Court rejects this portion of the Order and Report and Recommendation. However, Plaintiff is informed that at later stages of this case, among other requirements, he will have to prove the personal involvement of every named Defendant to be successful on his constitutional claim. *See Hami v. Chenango Cnty.*, No. 9:21-CV-1224, 2022 WL 1001530, at *4 (N.D.N.Y. Apr. 4, 2022); *Case v. City of New York*, 233 F. Supp. 3d 372, 397-98 (S.D.N.Y. 2017).

"Excessive force claims related to an arrest or seizure are evaluated under the Fourth Amendment using an 'objective unreasonableness' standard." *Bogart v. City of New York*, No. 13-CV-1017, 2016 WL 4939075, *7 (S.D.N.Y. Sept. 6, 2016) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)). "The 'proper application' of this standard 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Outlaw v. City of Hartford*, 884 F.3d 351, 366 (2d Cir. 2018) (quotation omitted).

6

To support an excessive force claim, the plaintiff must establish that the defendant used more than *de minimis* force. *See Feliciano v. Thomann*, 747 Fed. Appx. 885, 887 (2d Cir. 2019). "Even conduct that caused some physical pain and resulted in side effects need not be compensated if a jury finds that such injuries were *de minimis*." *Ali v. Kipp*, No. 11-CV-5297, 2016 WL 7235719, *7 (E.D.N.Y. Dec. 13, 2016), *aff'd*, 891 F.3d 59 (2d Cir. 2018). Nevertheless, while "not every push or shove constitutes excessive force," *Lennon v. Miller*, 66 F.3d 416, 426 (2d Cir. 1995) (citing *Graham*, 490 U.S. at 396), a show of force by an officer that is overly disproportionate to the risk of harm may support a claim for excessive force. *See Gersbacher v. City of New York*, No. 1:14-CV-7600, 2017 WL 4402538, *11 (S.D.N.Y. Oct. 2, 2017)

Plaintiff has sufficiently alleged a Fourth Amendment excessive force claim insofar as he alleged that "when [he] was arrested," Defendants physically assaulted plaintiff which resulted in a seizure, headaches, and neck and back pain. Dkt. No. 1 at 2, 4. The Court makes no finding as to the sufficiency of Plaintiff's allegations in ultimately proving a Fourth Amendment claim.

Third, Magistrate Judge Katz recommended dismissing what he construed to be an intentional infliction of emotional distress claim brought under § 1983. *See* Dkt. No. 9 at 7 (citing Dkt. No. 1 at 5). In Plaintiff's check box complaint, he did not indicate the legal basis for his complaint. *See* Dkt. No. 1 at 1. Under his first claim, Plaintiff writes, "excessive force physical beating which caused me significant physical and emotional damage." *Id.* at 5. For his second claim, Plaintiff states, "mentally, emotionally, desterbed [sic] assault [sic]." *Id.*

This Court has recognized that, "[a]s a preliminary matter, 'intentional infliction of emotional distress "is not a cognizable claim" under Section 1983.'" *York v. City of Johnstown*, No. 1:20-CV-01616, 2022 WL 2209441 (N.D.N.Y. June 21, 2022) (quoting *Scott v. City of Rochester*, No. 17-CV-6311, 2019 WL 4016165 (W.D.N.Y. Aug. 26, 2019)); *see also Anderson*

7

*v. City of New York*, No. 13 Civ. 1745, 2013 WL 6182675, *3 (S.D.N.Y. Nov. 19, 2013) ("[F]ederal courts . . . have dismissed § 1983 claims for intentional infliction of emotional distress because it is not a cognizable constitutional claim"); *Manson v. Narus*, No. 3:08-CV-1, 2008 WL 4911152, *4 (D. Conn. Nov. 11, 2008) ("[I]n contrast to claims for false arrest and malicious prosecution, which are cognizable as both state law claims and as section 1983 claims, claims for intentional infliction of emotional distress are ordinarily brought under state law").  Thus, to the extent that Plaintiff's complaint can be construed as raising an intentional infliction of emotional distress claim under § 1983, the claim must be dismissed, and the Court adopts this portion of the Order and Report and Recommendation.

   Finally, Magistrate Judge Katz recommended that Plaintiff be granted leave to amend with respect to his excessive force claim against the individual Defendants, but not with respect to his claim against the Syracuse Police Department or his intentional infliction of emotional distress claim.  *See* Dkt. No. 9 at 9.  Generally, courts must allow *pro se* plaintiffs at least one opportunity to amend their complaint "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also* FED. R. CIV. P. 15(a)(2) (calling on courts to "freely give leave when justice so requires").  A court may deny permission to amend "[w]here it appears that granting leave to amend is unlikely to be productive . . . ."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Because Plaintiff cannot bring a claim against the Police Department and courts do not recognize an intentional infliction of emotional distress claim under § 1983, amendment of such claims would be futile.  *See Cimino v. Glaze*, 228 F.R.D. 169, 172 (W.D.N.Y. 2005); *Johnson v. N.Y.C. Police Dep't*, 651 Fed. Appx. 58, 61 (2d Cir. 2016).  As such, leave to amend is appropriately denied.  As to the claims against the individual Defendants,

leave to amend is unnecessary as the Court is permitting the Fourth Amendment excessive force claim against them to proceed.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 9) is **ADOPTED in part and REJECTED in part**; and the Court further

**ORDERS** that Plaintiff's complaint against the Syracuse Police Department is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court terminate Syracuse Police Department as a Defendants; and the Court further

**ORDERS** that Plaintiff's claims against the individual Defendants Lamberton Fred, Mackenzie Glynn, Abraham, and DeJospeh survive initial review pursuant to 28 U.S.C. §§1915A and 1915(e) and are **PERMITTED TO PROCEED**; and the Court further

**ORDERS** that upon receipt from Plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon Fred Lamberton, Mackenzie Glynn, Abraham, and DeJospeh, and the Court further

**ORDERS** that a response to the Complaint be filed by the individual Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, James T. Foley U.S. Courthouse, Suite 509, 445 Broadway Albany, New York 12207; and the Court further

**ORDERS** that any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel; and the Court further

**ORDERS** that any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket; and the Court further

**ORDERS** that Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action; and the Court further

**ORDERS** that all parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; and the Court further

**ORDERS** that Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; the failure to do so will result in the dismissal of his action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 3, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge